**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

NOV 04 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| FRANCISCO RAMON RAMIREZ, JR., | No. 12-55231 |
| Petitioner - Appellant, | D.C. No. 5:08-cv-01042-GW-AJW |
| v. | |
| PAT L. VASQUES, Warden, | MEMORANDUM |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the Central District of California
George H. Wu, District Judge, Presiding

Argued and Submitted October 7, 2014
Pasadena, California

Before: HAWKINS and GRABER, Circuit Judges, and SEDWICK,[**] District Judge.

Petitioner Francisco Ramon Ramirez, Jr. ("Ramirez") appeals the denial of his

federal habeas petition. Ramirez, who was convicted of voluntary manslaughter,

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable John W. Sedwick, United States District Judge for the District of Alaska, sitting by designation.

contends that the state court *Apprendi/Blakely*[1] error of failing to submit aggravating circumstances to a jury was not harmless. We agree, and reverse and remand.

Ramirez was charged with murder in the shooting death of his sister's boyfriend, but presented a self-defense/defense-of-another theory to the jury. After five days of deliberation, the jury convicted Ramirez of the lesser-included offense of voluntary manslaughter, and thus did not fully accept either the prosecution's or defense's version of the facts. In sentencing, however, the state court found several aggravating factors applied (reciting in large part the prosecution's view of the evidence) and sentenced Ramirez to an aggravated term on the use of a firearm charge.

In light of *Apprendi*, *Blakely*, and *Cunningham v. California*, 549 U.S. 270 (2007), it was error for the state court to have failed to submit the aggravating factors to the jury for determination. "Even where constitutional error is found, 'in § 2254 proceedings a court must [also] assess the prejudicial impact of constitutional error' under the *Brecht* [*v. Abrahamson*, 507 U.S. 619 (1993)] standard." *Merolillo v. Yates*, 663 F.3d 444, 454 (9th Cir.2011) (quoting *Fry v. Pliler*, 551 U.S. 112, 121–22 (2007)) (first alteration in original); *see also Pulido v. Chrones*, 629 F.3d 1007, 1012 (9th Cir.

---

[1] *Apprendi v. New Jersey*, 530 U.S. 466 (2000); *Blakely v. Washington*, 542 U.S. 296 (2004).

2

2010) ("We apply the *Brecht* test without regard for the state court's harmlessness determination.").

Under *Brecht*, habeas petitioners are entitled to relief if "the error had substantial and injurious effect or influence in determining the jury's verdict." 507 U.S. at 637 (internal quotation marks and citation omitted). "Where the record is so evenly balanced that a judge 'feels himself in virtual equipoise as to the harmlessness of the error' and has 'grave doubt about whether an error affected a jury [substantially and injuriously], the judge must treat the error as if it did so.'" *Merolillo*, 663 F.3d at 454 (quoting *O'Neal v. McAninch*, 513 U.S. 432, 435–38 (1995)) (alteration in original) (internal quotation marks omitted).

We have such doubts here. Although one view of the evidence–that espoused by the prosecution–could likely support one or more of the aggravating factors found by the state court, the jury did not fully accept that version of events. In light of its verdict, we cannot conclude with confidence that, if it had been asked, the jury would have found that (1) Ramirez committed the crime with "planning, sophistication or professionalism," *see People v. Sandoval,* 41 Cal. 4th 825, 841 (2007); or (2) the victim, who was armed with a loaded gun which he had shown Ramirez earlier, was "particularly vulnerable," *see id.* at 842; or (3) the crime, although involving violence and bodily harm, necessarily revealed a "high degree of cruelty, viciousness or

3

callousness on the part of the perpetrator," *see People v. Nevill*, 167 Cal. App. 3d 198, 206 (1985). As the California Supreme Court itself has noted, many of California's aggravating circumstances are "vague or subjective," and thus "it may be difficult for a reviewing court to conclude with confidence that, had the issue been submitted to the jury, the jury would have assessed the facts in the same manner as did the trial court." *People v. Boyce*, 59 Cal. 4th 572, 728–29 (2014) (quoting *Sandoval*, 41 Cal. 4th at 840); *see also Sandoval*, 41 Cal. 4th at 840 ("Many of the aggravating circumstances described in the rules require an imprecise quantitative or comparative evaluation of the facts.").

We cannot conclude the error here was harmless. We therefore reverse the district court's denial of the writ and remand for further proceedings consistent with this decision.

**REVERSED AND REMANDED.**

Ramirez v. Vasques, No. 12-55231

GRABER, Circuit Judge, dissenting:

I respectfully dissent. I have no doubt that the jury would have found at least one aggravating factor, Butler v. Curry, 528 F.3d 624, 648 (9th Cir. 2008), either sophistication or "great violence . . . or other acts disclosing a high degree of cruelty, viciousness, or callousness," Cal. R. Ct. 4.421(a)(1), (a)(8). Ramirez had much more than routine familiarity with firearms, having served for ten years in the military during which he was qualified in the use of weapons. He was under the influence of methamphetamine. He selected the deadlier of the firearms in his vehicle, which had a five-round magazine. He used expanding bullets (forbidden in warfare since the 1880s), which disintegrate on impact to cause the greatest damage to the human body; at close range he fired three shots, each of which required separate aim, and separate pulls of the trigger, and which shot the victim's heart out of his body. The result was not just any killing, but dramatic overkill. Accordingly, I would affirm, because the Cunningham v. California, 549 U.S. 270 (2007), error was harmless under the Brecht v. Abrahamson, 507 U.S. 619 (1993), standard.